# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**UNITED STATES OF AMERICA,**

        Plaintiff,

**v.**                                **CRIMINAL ACTION NO. 3:04-CR-41**
                                          **(JUDGE GROH)**

**RONALD BROWN,**

        Defendant.

## ORDER DENYING DEFENDANT'S *PRO SE* MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE

On this day, the above-styled matter came before this Court for consideration of the Defendant's *pro se* "Motion to Terminate Supervised Release and Supporting Memorandum of Law to Vacate Probationary Obligation After Successful Completion of One Year," filed August 15, 2013 **[Doc. 66]**. Upon considering the motion, the Court finds that it should be **DENIED**.

The Defendant's term of supervision is for a period of three (3) years, which commenced on January 23, 2012. As such, the Defendant's term of supervision does not expire until January 23, 2015.

Pursuant to 18 U.S.C. §3583(e)(1):

> The Court may, after considering the factors set forth in §3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

Upon consideration of the above-listed factors, this Court finds that early termination

of the Defendant's supervised release is not warranted and that the interests of justice would best be served by continuing his supervision.

While on supervised release, the Defendant has had one reported violation that resulted in his Probation Officer verbally reprimanding him for his conduct. However, the Court also recognizes that the Defendant's drug screens have been negative for all substances. The Court furthermore commends the Defendant for finding and maintaining employment and a residence, which undoubtedly constitutes a positive step on the road to rehabilitation.

The Court further recognizes, however, that the term of supervision imposed is designed to assist the Defendant to return to a law-abiding lifestyle. To that end, this Court is of the opinion that early termination will necessarily allow the Defendant to return to the former practice which resulted in the instant Indictment. This Court finds this period of supervision has served the Defendant well in his efforts to return to a law-abiding lifestyle, and this Court commends him. However, this Court notes that the Defendant's history involves the distribution of controlled substances, specifically the distribution of heroin. Therefore, this Court is of the opinion that continued compliance with the terms of supervision is necessary before this Court can make any final determination for early termination.

Accordingly, the Defendant's *pro se* Motion for Early Termination of Supervised Release **[Doc. 66]** is hereby **DENIED**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to the Defendant, counsel of

record and to the United States Probation Office.

**DATED**: August 20, 2013

GINA M. GROH
UNITED STATES DISTRICT JUDGE